```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
                                   :
ANTONIO GARCIA,                    :
                                   :
                    Petitioner,    :
                                   :
     - against -                   :
                                   :    MEMORANDUM AND ORDER
JOSEPH T. SMITH, Superintendent,   :
SHAWANGUNK Correctional Facility,  :    Civil Action No.
                                   :    CV-03-6220 (DGT)
                    Respondent.    :
                                   :
-----------------------------------X
```

TRAGER, J.

This is a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, Antonio Garcia, raises the following claims: (1) that the trial court erred in admitting testimony concerning his prior criminal record; (2) that the evidence at trial was legally insufficient to support his conviction, and (3) that he was deprived of effective assistance of both trial and appellate counsel. For the reasons that follow, the petition is dismissed.

**Background**

On October 18, 1998, Amorita Pakilit discovered that her Queens County apartment had been burglarized. Investigators recovered fingerprints from inside her apartment and matched one of them to petitioner. Petitioner was later arrested, thirteen months after the burglary.

Petitioner was charged by a Queens County grand jury with Burglary in the Second Degree (N.Y. Penal Law § 140.25(2)) and Grand Larceny in the Fourth Degree (N.Y. Penal Law § 155.30).

Petitioner's case proceeded to trial on September 27, 2000. Amorita Pakilit and her brother, Arnovio Pakilit, both testified regarding the discovery of the burglary and the various items that were discovered missing. In particular, Amorita Pakilit testified regarding a "Christmas tin" which she found, in the aftermath of the burglary, on top of her bed with the contents spilled on the bed. She testified this item had always been kept on her dresser since she received it as a gift, and that she had been the only person who ever handled it. She had never lent the tin to anyone.

Pakilit and her brother both testified that they had never permitted petitioner to enter their apartment and did not even know who he was. The only people with keys to the apartment were Pakilit, her brother and his wife.

Fingerprint technician William Umstead testified regarding two latent fingerprints that had been were recovered from this Christmas tin. After determining that one of these did not match Pakilit, Umstead entered its identifying characteristics into a computerized database, and the database produced petitioner's prints as a "likely candidate." Umstead ordered a hard copy of petitioner's prints and determined that they were a match. Later, Umstead also matched the prints that were later taken from

2

petitioner at the time of his arrest.  Petitioner did not testify or present any evidence.

On October 3, 2000, the jury convicted petitioner of Burglary in the Second Degree (N.Y. Penal Law § 140.25(2)).[1]  On October 26, 2000, the court sentenced petitioner, as a persistent violent felony offender, to an indeterminate prison term of twenty years to life.

Petitioner appealed his conviction to the Supreme Court of New York, Appellate Division, Second Department ("Appellate Division"). Petitioner argued that the trial court had erred in permitting the prosecutor to elicit from two police witnesses testimony that a computerized state fingerprint record indicated that petitioner had a prior criminal history and also had made improper comments on summation to the same effect.

On May 20, 2002, the Appellate Division unanimously affirmed the judgment against petitioner, finding that petitioner's claims were both unpreserved and without merit.  People v. Garcia, 294 A.D.2d 515, 743 N.Y.S.2d 127, 128 (2d Dept. 2002).  The claims were unpreserved because petitioner had either failed to object, or raised only a general objection, or objected on grounds other than those raised on appeal.  Id.  On the merits, the Appellate Division concluded that the testimony and summation comments did not compel

---

[1] The grand larceny charge was reduced to Petit Larceny before being submitted to the jury.  However, the jury acquitted petitioner of this charge.

an inference that petitioner had a prior criminal history. Id.

On June 28, 2002, the New York State Court of Appeals denied petitioner's application for leave to appeal the Appellate Division's affirmance of his conviction. People v. Garcia, 98 N.Y.2d 675, 746 N.Y.S.2d 464 (2002).

On November 27, 2000, petitioner, acting pro se, filed a motion for a writ of error coram nobis. Petitioner argued (1) that his due process rights were violated since the evidence did not support his conviction, (2) that his trial counsel was ineffective for having failed to make such an argument and for failing to move to dismiss the indictment on such grounds, and (3) that appellate counsel was ineffective for having failed to argue that trial counsel was ineffective on the above grounds.

On February 18, 2003, the Appellate Division denied petitioner's motion for a writ of error coram nobis, noting merely that petitioner "failed to establish that he was denied the effective assistance of appellate counsel." People v. Garcia, 302 A.D.2d 539, 755 N.Y.S.2d 274 (2d Dep't 2003). On December 29, 2003, the New York Court of Appeals denied petitioner's application for leave to appeal the Appellate Division's denial of his motion.

## Discussion

Petitioner's current habeas corpus petition was submitted on December 5, 2003, and is timely. Petitioner claims that his

4

conviction was obtained in violation of his right to due process under the Fourteenth Amendment. Specifically, petitioner makes three claims. First, the trial court erred in admitting testimony tending to establish his prior criminal record. Second, the evidence at trial was legally insufficient to support his conviction. Third, he was deprived of effective assistance of both trial and appellate counsel.

(1)

Petitioner's first claim alleges that the trial court improperly permitted testimony, questions and comments that permitted the jury to infer that petitioner had a prior criminal history. However, the Appellate Division held this issue to be unpreserved due to failure by petitioner's counsel to object with on the proper grounds or with adequate specificity. Generally, a federal court reviewing a habeas petition from a state prisoner is procedurally barred from addressing claims that were rejected by a state court in reliance on an "independent and adequate state ground." Coleman v. Thompson, 501 U.S. 722, 750 (1991). This rule applies even where, as here, the state court also addresses the merits in the alternative. Harris v. Reed, 489 U.S. 255, 264 n.10 (1989). There appears to be no basis for holding that the Appellate Division's enforcement of New York's contemporaneous objection rule (N.Y. Crim. Proc. Law §§ 470.05(2), 470.15(4, 6))

was not independent and adequate as applied here. See Garcia v. Lewis, 188 F.3d. 71, 78-79 (2d Dep't 1999). Even so, a federal court may still reach procedurally barred claims provided petitioner can demonstrate either (1) cause for the default and actual prejudice arising from the alleged violation of federal law; or (2) that failure to consider the claims would result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750.

Petitioner presents no grounds to believe that failure to address the merits would result in a fundamental miscarriage of justice. He must, therefore, show cause for the default and resulting prejudice. Ineffective assistance of counsel may create such cause and prejudice, provided that the petitioner first exhausts his ineffectiveness claim in state court. See Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Murray v. Carrier, 477 U.S. 478, 488-89 (1986); Rodriquez v. Hoke, 928 F.2d 534, 538 (2d Cir. 1991). Petitioner has alleged such ineffectiveness, both in the instant petition, and in State court. To the extent that this claim was not properly exhausted, petitioner has alleged cause and prejudice for this as well, by claiming ineffectiveness of appellate counsel. This latter claim, at least, has been properly exhausted. However, the merits of these ineffectiveness claims are to some extent ultimately dependent on the merits of the claims that petitioner's trial counsel failed to preserve. Hence the merits of petitioner's first claim, his challenge to the improper

admission of his prior criminal history, must be addressed.

As the Appellate Division also rejected this claim on the merits, the standards of deference mandated under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") must be applied. Under AEDPA, petitioner must show that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). However, the Supreme Court has never held that the admission of evidence of prior bad acts can ever violate due process under the Fourteenth Amendment. See Estelle v. McGuire, 502 U.S. 62, 75 n.5 (1991) ("[b]ecause we need not reach the issue, we express no opinion on whether a state law would violate the Due Process Clause if it permitted the use of "prior crimes" evidence to show propensity to commit a charged crime"). Alternatively, petitioner may obtain review by showing that the Appellate Division's decision was based on an unreasonable determination of the facts in the light of evidence presented in a state court proceeding. 28 U.S.C. § 2254(d)(2). This is arguably the more relevant provision, since the Appellate Division did not hold that the admission of prior bad acts did not violate due process, but rather that the evidence admitted did not compel such an inference. Garcia, 294 A.D.2d at 515, 743 N.Y.S.2d at 128. However, while this evidence inevitably permitted such an inference, the finding that it did not compel such an inference was

7

not unreasonable as many persons with no criminal history, i.e., judges and law enforcement personnel, have their fingerprints on file with the FBI or other law enforcement agents. It makes sense, therefore, to construe the Appellate Division's rejection of petitioner's claim as holding that evidence that merely permits an inference of prior bad acts does not violate due process when admitted for an otherwise legitimate purpose. Therefore, there is no basis for holding that the Appellate Division's decision was contrary to, or an unreasonable application of, federal law as clearly established by the Supreme Court. Accordingly, petitioner's first claim is rejected.

(2)

Petitioner's second claim alleges that the evidence was insufficient to support his conviction, thereby violating his right to due process under the Fourteenth Amendment. Specifically, petitioner argues that the evidence was insufficient to prove that his fingerprint was impressed on the Christmas tin at the time of the crime, rather than at an earlier date.

Where, as here, a petitioner attacks his state conviction on sufficiency grounds, the relevant inquiry on habeas review is "'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Wheel

v. Robinson, 34 F.3d 60, 66 (2d Cir. 1994) (emphasis in original) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979). The government is not required to eliminate every reasonable hypothesis which is consistent with innocence. United States v. Fiore, 821 F.2d 127, 128 (2d Cir. 1987).

To prove that petitioner committed Burglary in the Second Degree, the prosecution was required to prove that petitioner knowingly entered or remained unlawfully in a dwelling with intent to commit a crime therein. N.Y. Penal Law § 140.25(2). As charged to the jury, the prosecutor was required to prove the charge with respect to a specific dwelling – the apartment of Amorita Pakilit – and furthermore that petitioner did so "on or about and between" October 17th and October 18th 1998. Trial Tr. at 550. Petitioner claims the evidence was insufficient to prove that his fingerprint was not placed on the tin before October 17.

The jury was entitled to credit the testimony of Pakilit and her brother that the tin was always in their apartment since Pakilit received it and that petitioner had never been permitted in their apartment. In effect, therefore, petitioner is either claiming that he might have touched the tin when he entered the apartment without permission on an earlier date, or that he might have touched the tin at some point before it was given to Pakilit. However, the government need not eliminate every conceivable hypothesis, however, improbable, that is consistent with innocence.

9

Fiore, 821 F.2d at 128. While it is theoretically conceivable that petitioner's print might have remained undisturbed from a prior burglary, or even that he might have handled it before Pakilit received the tin as a gift, it is overwhelmingly more likely that the print was left on the occasion of the burglary with which he was charged.

Petitioner also challenges the reliability of the computerized system that identified his prints as a "likely candidate." However, the people did not rely on this system to prove their case, but rather on the testimony of an expert analyst who personally compared prints taken from petitioner to the one lifted from the tin.

Petitioner's second claim, therefore, is rejected as without merit.

(3)

Petitioner's third claim alleges ineffective assistance of both trial and appellate counsel. His complaint as to both counsel concerns their failure to argue that the evidence was legally insufficient to support his conviction. Trial or appellate counsel cannot be held ineffective for failing to make a meritless argument. See United States v. Arena, 180 F.3d 380, 396 (2d Cir. 1999) ("Failure to make a meritless argument does not amount to ineffective assistance."), cert. denied, 531 U.S. 811 (2000).

10

Since the insufficiency claim is meritless, it follows that the ineffectiveness claims must fail as well.

## Conclusion

For these reasons, petitioner's application for a writ of habeas corpus is dismissed. Further, as the petition presents no questions of substance for appellate review, a certificate of appealability is denied. The Clerk of Court is directed to enter judgment and close the case.

Dated:   Brooklyn, New York
         November 29, 2005

                              SO ORDERED:


                                /s/
                              David G. Trager
                              United States District Court

SENT TO:

Antonio Garcia
99-A-4872
Shawangunk Correctional Facility
PO Box 700
Wallkill, NY 12589-0700

Michael P. King, Assistant Attorney General
Office of Eliot Spitzer,
Attorney General for the State of New York
Federal Habeas Corpus Section, Criminal Division
120 Broadway, 22nd Floor
New York, New York 10271